IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JOHN TARATINO,  )   2:08-cv-01842-GEB-KJM
                            )
              Plaintiff,    )   ORDER*
                            )
         v.                 )
                            )
U.S. BANK NATIONAL ASSOCIATION, AS )
TRUSTEE OF BANC OF AMERICA FUNDING )
2006-D TRUST; MORTGAGE ELECTRONIC  )
REGISTRATION SYSTEMS, INC.;        )
COUNTRYWIDE HOME LOANS, INC.; and  )
RECONTRUST COMPANY, NA.,           )
                            )
              Defendants.   )
_____)

On August 12, 2008, Plaintiff filed an application for a temporary restraining order ("TRO") and a preliminary injunction. Plaintiff argues since he and his family were evicted from their home

---

\* This matter was determined to be suitable for decision without oral argument after Defendants failed to respond to the application and the application and supplemental brief in support of the application were considered. L.R. 78-230(h). Defendant U.S. Bank subsequently filed an opposition, in which it addressed certain issues and explained Plaintiff failed to provide it with timely notice of when an opposition brief was due.

1

on June 25, 2008, irreparable harm exists if an injunction does not issue because his family is camping in parks or spending the night with friends, causing excessive expense living outside the home and stress.  In addition, Plaintiff declares "most of [his family's] valuable papers remain in the home."  (Tarantino Decl. ¶ 15.) Plaintiff also declares he has "been given until Saturday August 9, 2008 to have all of [his] belongings removed from the home or [Defendants] will destroy them ([he has] learned, however, that this deadline may be postponed a few days to give the Court time to act on [his] Application for a Temporary Restraining Order.)"  (Id. ¶ 16.)

In 2006, Plaintiff obtained a loan secured by a deed of trust recorded against his home.  He defaulted on the loan and his home was sold to U.S. Bank in a foreclosure sale in January of 2008. Plaintiff filed for Chapter 13 bankruptcy proceedings in the Northern District of California to stop the sale, the first of which was filed October 10, 2007.  That action was dismissed November 27, 2007.  He filed a second Chapter 13 bankruptcy action on April 3, 2008; that petition was dismissed on May 20, 2008.  On May 22, 2008, Plaintiff filed a third Chapter 13 petition.  That petition was dismissed on July 1, 2008.  In June of 2008, Plaintiff and his family were evicted from their home and the locks were changed after Defendant U.S. Bank won an unlawful detainer action against them in state court located in Contra Costa County.  The writ of eviction included a notice from the Contra County Sheriff that Plaintiff would be evicted on June 25, 2008, at 6:00 a.m.

The gravamen of Plaintiff's Complaint against Defendants is that, in violation of state law, the notice of default and notice of foreclosure sale listed an incorrect beneficiary, directing Plaintiff

to contact the wrong entity to discuss curing the default.  Plaintiff alleges U.S. Bank is not a bona fide purchaser and as a result this mistake in notice renders the foreclosure void.  Plaintiff further alleges that because the foreclosure was invalid, Defendants violated the federal Fair Credit Reporting Act when they reported the foreclosure.  Plaintiff's motion seeks a TRO or preliminary injunction "directed to U.S. Bank immediately allowing Mr. Tarantino and his family to move back into their home pending a hearing on a motion for a preliminary injunction" and "forbidding it from taking any steps to sell Mr. Tarantino's home, transfer title, or otherwise interfere with Mr. Tarantino's possession and use of the home . . . ."  (Mot. at 15:12-27.)

An injunction "is a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Barahona-Gomez v. Reno, 167 F.3d 1228, 1234 (9th Cir. 1999).  However, "[m]andatory [injunctive] relief, which goes well beyond simply maintaining the status quo Pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1979) (quoting Martinez v. Mathews, 544 F.2d 1233, 1243 (5th Cir. 1976)).  To obtain a TRO, Plaintiffs must demonstrate "either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor." A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."  Id.  "Should the Court find that the applicant

unduly delayed in seeking injunctive relief, the Court may conclude that the delay . . . contradicts the applicant's allegations of irreparable injury and may deny the motion solely on [that] ground." L.R. 65-231.

Plaintiff delayed in pursing a TRO. It unclear why Plaintiff did not file a lawsuit challenging the validity of the foreclosure notice before this action was filed. Further, it is unclear why Plaintiff did not obtain more suitable living accommodations following the state writ of eviction proceeding which resulted in judgment against Plaintiff entered on June 13, 2008, or why he did not remove his belongs from the home as contemplated by the state court eviction judgment. Plaintiff's unexplained delay in pursuing an injunction indicates Plaintiff will not suffer irreparable harm if a TRO does not issue and that he can adequately cope with the situation he is in at least until the issues raised in his injunction application can be preliminarily determined at or following a noticed preliminary injunction hearing.

Further, it appears that Plaintiff may be able to retrieve his personal property from the subject residence, since Plaintiff indicated that U.S. Bank would extend the removal deadline. Finally, Plaintiff has not shown that there is a risk of U.S. Bank transferring title to the property before a preliminary injunction hearing. Accordingly, Plaintiff's request for a TRO is denied.

Plaintiff shall serve a copy of this Order on Defendants. Further, Plaintiff shall confer with Defendants regarding a hearing date and briefing schedule for the preliminary injunction motion. If the parties cannot agree on a hearing date and schedule, Plaintiff shall obtaining a hearing date from the Courtroom Deputy. Thereafter,

1  Plaintiff shall notice a hearing for the preliminary injunction
2  motion.
3          IT IS SO ORDERED.
4  Dated:  August 15, 2008

                                  _____
                                  GARLAND E. BURRELL, JR.
                                  United States District Judge