UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN TARATINO, an individual,<br>            Plaintiff,<br>     v.<br>U.S. BANK NATIONAL ASSOCIATION, as Trustee of Banc of America Funding 2006-D Trust; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COUNTRYWIDE HOME LOANS, INC.; and, RECONSTRUST COMPANY, NA.,<br>            Defendants. | 2:08-cv-01842-GEB-KJM<br><br>ORDER TO SHOW CAUSE, CONTINUANCE OF STATUS (PRETRIAL SCHEDULING) CONFERENCE, RULE 4(m)NOTICE |

        The August 8, 2008, Order Setting Status (Pretrial Scheduling) Conference (August 8 Order") scheduled a status conference in this case for December 8, 2008, and required Plaintiff to file a joint status report no later than fourteen days prior to the status conference.  No status report was filed.

        Plaintiff is Ordered to Show Cause (OSC) in a writing to be filed no later than 4:00 p.m. on January 6, 2009, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for the failure to file a timely status report.  The written response shall also state whether

1

Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on January 20, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements in the August 8 Order, a status report shall be filed no later than fourteen days prior to the scheduling conference.

Further, if service of process has not been completed on any Defendant by December 7, 2008, Plaintiff shall show cause in a filing due no later than December 30, 2008 why that Defendant should not be dismissed under Rule 4(m) for failure to serve process within the 120-day time period.

Dated: December 5, 2008

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).